■ ALVIN THOMAS, Respondent, v FLETCHER & SONS AUTO REPAIR, INC., et al., Appellants. [607 NYS2d 729] —In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 27, 1991, which granted their motion pursuant to CPLR 4404 (a) for a new trial on the issue of damages, but only to the extent of holding that the jury verdict awarding the plaintiff $79,600 for past pain and suffering and $195,000 for future pain and suffering was excessive, and authorizing the entry of a judgment awarding the plaintiff $60,000 for past pain and suffering and $65,000 for future pain and suffering if the plaintiff so stipulated, and (2) a judgment of the same court, dated August 5, 1991, which upon the plaintiff's stipulation, consenting to a reduction of the jury's verdict, is in favor of the plaintiff and against the appellants in the principal sum of $125,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and in the exercise of discretion, the order is vacated, and the matter is remitted for a new trial on the issue of damages; and it is further,

Ordered that any award of costs shall abide the event of the new trial.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On August 13, 1988, the plaintiff brought his car to the defendants' garage to have his air conditioning checked. While on the premises, he was attacked by the defendants' dog, and bitten on both hands and the left thigh. The most serious injury was inflicted to the thumb of the plaintiff's dominant right hand. This wound required immediate medical attention at a nearby hospital. The thumb nonetheless became infected, and in or about March 1989 a surgical procedure had to be performed in order to restore its use and functioning.

The plaintiff testified that he was in severe pain and missed three weeks of work after the surgery, followed by months of physical therapy to restore the range of motion in his thumb. A medical expert called on behalf of the plaintiff testified that physical therapy had produced steady and sustained improvement, but in his opinion, the plaintiff had a permanent 50% disability in the use of the thumb, and would need additional surgery in the future. The defense attempted to offer a surveillance videotape into evidence in order to controvert the plaintiff's evidence with respect to the severity and purported permanence of his alleged disabilities. Without explanation, the court precluded the use of the surveillance videotape.

We have reviewed the surveillance videotape, which was marked as a court's exhibit, and find that it is highly relevant and material on the issue of damages, especially with respect to damages for future pain and suffering (see, DiMichel v South Buffalo Ry. Co., 80 NY2d 184; Kane v Her-Pet Refrig., 181 AD2d 257). The plaintiff claimed surprise and moved to preclude use of the videotape because it was not served until the eve of jury selection. However, the plaintiff did not challenge the authenticity of the videotape or its accuracy. Additionally, the plaintiff did not request a continuance to have the videotape examined by an expert for possible tampering or

distortion. Under the circumstances, we find the plaintiff's claim of surprise and undue prejudice to be unpersuasive, and we conclude that the court should not have precluded the defense from showing the videotape to the jury. Thus, we grant the appellants a new trial on the issue of damages.

In light of our determination that there must be a new trial, because of the improper preclusion of the defense surveillance film, we need not address the defendant's remaining contentions. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.